UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SCOTT MIDDENDORF CONTRACTING CO. INC.,

|                              |                    |
|------------------------------|--------------------|
|                   Plaintiff, | Case No. 3:16-CV-452 (BKS/DEP) |
| vs.                          |                    |

JAMES NEVILLE CAHILL, and
CAHILL LAW OFFICE,

                   Defendants.
_____

## COMPLAINT

The Plaintiff, Scott Middendorf Contracting Co. Inc. ("Middendorf" or "Plaintiff"), by and through its attorneys, Landy & Rossettie, PLLC, complaining of the Defendants, herein respectfully alleges:

### NATURE OF THE ACTION

1.      This action states claims for legal malpractice and negligence.  These claims arise from Defendants' legal representation of Plaintiff in a failed attempt to enforce a valid mechanic's lien, and related matters.  Specifically, Defendants failed to seek the renewal of the Notice of Pendency associated with the mechanic's lien, thereby causing the mechanic's lien to terminate.  Defendants' errors of judgment and performance caused the Plaintiff substantial damages and losses.

### PARTIES

2.      Plaintiff Scott Middendorf Contracting Co. Inc. ("Middendorf" or "Plaintiff") is a business corporation incorporated and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 21187 Route 187, Towanda, Pennsylvania 18848.

3.      Upon information and belief, Defendant James Neville Cahill ("Cahill" or "Defendant") is an attorney duly admitted to practice law in the State of New York, with his principal place of business located at 145 Washington Avenue, Endicott, New York 13761. Upon information and belief, Cahill resides in Broome County, New York.

4.      Upon information and belief, Cahill Law Office ("Law Office" or "Defendant") is an unincorporated entity doing business in the State of New York, with a principal place of business at 145 Washington Ave., Endicott, New York 13761.

## JURISDICTION AND VENUE

5.      Jurisdiction is founded upon diversity of citizenship pursuant to 28 U.S.C. § 1332, because the action is between citizens of different States and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

6.      Venue pursuant to 28 U.S.C. § 1391(a) is proper in the United States District Court for the Northern District of New York because, upon information and belief, it is the judicial district in which Cahill resides and further it is the judicial district in which a substantial part of the events or omissions giving rise to the claim(s) occurred, or a substantial part of property that is the subject of the action is situated.

## FACTUAL BACKGROUND

7.      At all times relevant to this Complaint, Cahill held himself out to the general public as being possessed of sufficient skill and knowledge for the profession of the practice of law in the State of New York.

8.      At all times relevant to this Complaint, the Law Office held itself out to the general public as having staff possessed of sufficient skill and knowledge for the profession of the practice of law in the State of New York.

9.     At all times relevant to this Complaint, Middendorf has been in the construction business, including the business of building residences.

10.     On or about January of 2009, Middendorf entered into an agreement with Charles D. Campbell ("Campbell"), the owner of certain land situated in the Town of Vestal, County of Broome and State of New York, which agreement provided that Middendorf would build a single family residence on such property and that Campbell would pay Middendorf for such construction according to a draw schedule, with interest at 18% per annum.

11.     Middendorf built the single-family residence as agreed with Campbell, completing construction on or about September of 2009.  Two adult individuals named Robert and Caroline Arbogast, had agreed to purchase the house along with a portion of the land constituting the property.  Middendorf's construction bill was to be paid from the proceeds of such purchase, and closing of the purchase and sale was scheduled to occur in or about September of 2009.  The amount then due and owing from Campbell to Middendorf was $318,118.00.  However, the sale to the Arbogasts was never closed or consummated.

12.     In or about September of 2009, Middendorf hired Cahill as its attorney, legal advisor and representative in order to protect its rights with respect to the amount owed to Middendorf with respect to the home it built.  Cahill accepted such engagement and in consideration of the representation Middendorf agreed to pay Cahill a fee.

14.     On September 23, 2009, Cahill filed a Notice of Mechanic's Lien on behalf of Middendorf with the Broome County Clerk stating a total amount of indebtedness of $318,118.00 against Campbell and the properties identified by Broome County Tax Map Nos. 205.01-1-16.1 and 205.01-1-16.2 (hereinafter collectively the "Property").  The Notice was served upon Campbell and the Arbogasts within the timeframes established under the Lien Law.

15.     On or about December 2, 2009, a foreclosure action was commenced in the New York State Supreme Court for Broome County by Deutsche Bank National Trust Co., as Trustee for Long Beach Mortgage Loan Trust 2005-1, for the foreclosure of a mortgage on the Property allegedly executed by Campbell on October 7, 2004, in the amount of $434,000.00.  The foreclosure action was given index number 3169/09.  Upon information and belief, at the time of the foreclosure, the Property was also subject to a second mortgage in the original amount of $108,000.00 executed by Campbell. Cahill intervened in the foreclosure action, filing an answer and cross-claim for the foreclosure of Middendorf's mechanic's lien.  On June 17, 2010, Cahill filed a Notice of Pendency with the Broome County Clerk

16.     The foreclosure proceeding was unsuccessful and was eventually discontinued by court order on the motion of the Plaintiff.

17.     While the foreclosure action was pending, Campbell filed a bankruptcy petition in the United States Bankruptcy Court for the Northern District of New York, assigned case number 12-31019-6-dd.  On January 17, 2013, the bankruptcy Court granted a discharge of indebtedness under section 727 of the Bankruptcy Code.  The effect of such discharge was to eliminate any personal liability of Campbell to Middendorf.  Thus, the only possibility of Middendorf's recovery was through the enforcement of the mechanic's lien.

18.     Upon information and belief, the mortgage in the original amount of $108,000.00 was released on or about September 15, 2014, without payment or foreclosure.

19.     Upon information and belief, the mortgage in the original amount of $434,000.00 was released on or about August 27, 2015, without payment or foreclosure.

20.    Cahill failed to timely seek or obtain renewal of the Notice of Pendency associated with Middendorf's mechanic's lien.  Because of such failure, Middendorf's mechanic's lien terminated when the Notice of Pendency terminated on or about June 17, 2013.

21.    Cahill subsequently filed a motion to reinstate the notice of pendency *nunc pro tunc* after the termination of the mechanic's lien, but such motion did not succeed.

22.    Middendorf relied upon Defendants to file, protect and enforce its mechanic's lien against the Property.

23.    Middendorf paid Defendants the amount of $8,720.91 in attorney's fees in exchange for Defendants' representation of Middendorf with respect to the mechanic's lien.

24.    In addition, Middendorf expended substantial sums to maintain insurance, electricity service and natural gas service to the Property in order to maintain its condition during the pendency of the collection attempt.

25.    Had Defendants properly exercised the degree of skill and care commonly used by ordinary members of the legal profession, the Middendorf mechanic's lien would not have been lost and would have been enforced against the Property after the release of the two mortgages.

26.    Wherefore, Middendorf has been damaged by Defendants' wrongful, negligent acts and omissions in an amount to be determined at trial, but in any event not less than $318,118.00.

## FIRST CAUSE OF ACTION

### (Legal Malpractice)

27.    Plaintiff repeats and realleges the foregoing allegations.

28.    Defendants had an attorney-client relationship with Middendorf.

29. The attorney-client relationship between Middendorf and Defendants concerning the collection attempt continued through, at the earliest, June of 2014. Middendorf has never received a letter or other communication from Defendants indicating that their representation of Middendorf has terminated.

30. Defendants undertook representation of Middendorf. In doing so, Defendants impliedly represented that they were familiar with the rules and laws applicable to collection and mechanic's liens in New York, and that they would exercise that degree of skill commonly used by a member of the legal profession.

31. Defendants, each individually and in combination, owed Middendorf the duty of possessing and exercising that degree of learning, knowledge, skill and care commonly known and used by ordinary members of the legal profession.

32. Defendants, each individually and in combination, failed to exercise that degree of learning, knowledge, skill and care commonly known and used by ordinary members of the legal profession, and were otherwise negligent.

33. Middendorf would have had a favorable outcome but for Defendants' negligence.

34. Defendants' negligence was a proximate cause of the loss sustained by Middendorf.

35. As a result of Defendants' negligence, and without any want of care on the part of Middendorf, Middendorf suffered actual damage.

36. As a result of the foregoing, Middendorf has been damaged in an amount that exceeds $75,000.00, exclusive of interest or costs, to be further determined at trial.

## SECOND CAUSE OF ACTION

### (Negligence)

37.     Plaintiff repeats and realleges the foregoing allegations.

38.     Defendants owed a duty of care to Middendorf.

39.     The negligent acts or omissions of either Defendant, or both Defendants, include the failure to establish proper office procedures, the failure to enforce proper office procedures, the failure to hire competent personnel and the failure to properly supervise personnel.

40.     Defendants' negligent acts are the proximate cause of the loss sustained by Middendorf.

41.     As a result of the foregoing acts or omissions, Middendorf has been damaged in an amount that exceeds $75,000.00, exclusive of interest or costs, to be further determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Middendorf respectfully demands that this Court enter judgment:

(a) Against Defendants as to the First and Second Causes of Action;

(b) Awarding damages upon each cause of action in an amount to be determined at trial, but in any event, not less than $400,000;

(c) Awarding pre-judgment and post-judgment interest on damages;

(d) Awarding their costs, expenses, disbursements and attorneys' fees incurred in connection with the action; and

(e) Awarding for the benefit of Middendorf such other and/or further relief as the Court finds just and proper.

Dated: _____April 19, 2016_____          Respectfully submitted,

                                              **LANDY & ROSSETTIE, PLLC**

                                    By:     _____s/ Damian M. Rossettie_____
                                            Damian M. Rossettie

Bar Roll No.: 303142
Attorney for Plaintiff
Landy & Rossettie, PLLC
228 Desmond Street
P.O. Box 206
Sayre, PA 18840-0206
Telephone: (570) 888-7753
Facsimile: (570) 888-9284
E-mail: drossettie@lrlawyers.com